# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 13-135(1) (DWF/TNL) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| David Strusinski, | |
| Defendant. | |

This matter is before the Court upon Defendant David Strusinski's ("Defendant") objections (Doc. No. 40) to Magistrate Judge Tony N. Leung's August 20, 2013 Report and Recommendation (Doc. No. 20) insofar as it recommends that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be denied. Plaintiff United States of America (the "Government") filed a response to Defendant's objections on October 3, 2013. (Doc. No. 44.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections. Having carefully reviewed the record, the Court concludes that Defendant's objections do not warrant departure from the Magistrate Judge's ultimate Recommendation.

Defendant argues that the warrant for the search of his home was not supported by probable cause "because the application fails to establish a logical nexus between [Defendant's] home and any contraband or evidence of a crime." (Doc. No. 42 at 1.) While it is indeed disconcerting that the warrant application is rife with apparent typographical errors, including the wrong address and dates, such mistakes are insufficient to render the issuance of the warrant, and the search of Defendant's residence pursuant thereto, constitutionally impermissible. Even assuming, without deciding, that the search warrant was not supported by probable cause, the *Leon* good faith exception would apply, as it was objectively reasonable for officers executing the search warrant "to have relied in good faith on the judge's determination that there was probable cause to issue the warrant." *United States v. Grant*, 490 F.3d 627, 632 (8th Cir. 2007) (citing *United States v. Leon*, 468 U.S. 897, 922 (1984)).

The Court thus concludes, as did Magistrate Judge Leung, that Defendant has failed to establish that suppression of the evidence seized during the search of his residence is warranted. Nor does Defendant appear to object to the Magistrate Judge's recommendations with respect to any statements Defendant made to law enforcement. Consequently, the Court denies Defendant's motions.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

1. Defendant's objections (Doc. No. [40]) to Magistrate Judge Tony N. Leung's August 20, 2013 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Tony N. Leung's August 20, 2013 Report and Recommendation (Doc. No. [39]) is **ADOPTED**.

3. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [20]) is **DENIED**.

4. Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. [21]) is **DENIED**.

Dated: December 4, 2013             s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge